Dear Mr. Lancaster:
This office is in receipt of your opinion request in which you present the following issues for our review:
 (1) Can the Tensas Parish Police Jury sell the ballast/rock that it owns to private companies and/or individuals at a fair market price?
 (2) Can the Tensas Parish Police Jury exchange the ballast/rock that it owns for the hauling services to be provided by a private trucking company?
La. Constitution Article 7, Section 14 (A) states that a political subdivision is prohibited from loaning, pledging, or donating its property to or for any person, association, or corporation, public or private. La. R.S. 33:4711 states that a police jury may sell or lease property to private persons when such property is no longer needed for public purposes. La. R.S.33:4717 should be construed together with La. R.S. 33:4711 when possible. La. R.S. 33:4717 provides the meaning of the phrase "no longer needed for public purposes." It states that real property or any other property is no longer needed for public purposes when it is no longer needed for the public use to which it was originally destined or dedicated.
In your request, you stated that over the past year the police jury has saved money by using the ballast/rock to maintain and improve parish roads. The railroad line that the parish leased is the source of the ballast material, and it appears from your request that the railroad line is not being used for any public purpose. A parish can acquire property that is not used or needed for public purposes and holds such property in its private capacity, not as a trustee of public property. Such a situation permits the sale of the property in accordance with statute. The railroad line was not acquired as a public road, so the ballast material being used by the parish for repairs of existing public roads is not being used in the same manner as that for which is was acquired.
No particular procedure is provided in La. R.S. 33:4711 for the disposition of the property. In Attorney General Opinion, dated January 15, 1973, we opined that the police jury may follow the procedures applicable to municipalities found at La. R.S.33:4712. We would recommend that the parish consider this since it provides for public notice and a fixing of the price on a unit basis, or any other basis the parish thinks is reasonable.
As to the question of exchange of the ballast for hauling services, this would appear to conflict with the express terms of La. R.S. 33:4711, which only permits sale or lease of parish property to private persons. Exchange of parish property is permitted between the parish and other political corporations of the state, not between the parish and private parties.
In summary, La. R.S. 33:4711 provides that a police jury may sell property no longer needed for public purposes to private persons. Since the ballast is on property not used for public purposes, the parish is permitted to sell the ballast to private parties. The parish is not permitted to exchange the ballast for hauling services. Clearly, the parish is permitted to use the rock for public purposes, such as road repair.
I hope this opinion satisfies your request. Should you have any further questions, please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General